## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BCR SAFEGUARD HOLDING, L.L.C., et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0066** |
| **MORGAN STANLEY REAL ESTATE ADVISOR, INC., et al.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

Before the Court is Defendants Morgan Stanley Real Estate Advisor, Inc., PPF Safeguard, LLC, and Scott Allen Brown's ("Defendants") Motion to Seal Complaint,[1] wherein Defendants seek that this Court file under seal a redacted version of the complaint. After considering the motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will deny the motion.

### I. Background

Plaintiffs BCR Safeguard Holding, L.L.C., JAC Safeguard Holding, L.L.C., and Safeguard Development Group II, L.L.C., ("Plaintiffs") filed their complaint on January 11, 2013.[2] The complaint was redacted in order to protect certain confidential litigation which is pending in state court and which is subject to a protective order. Plaintiffs also moved to file an unredacted complaint under seal,[3] which the Court granted.[4] On January 18, 2013, Defendants filed the pending motion, requesting that the Court also file the redacted complaint under seal.[5] The Court determined that it

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 1.

[3] Rec. Doc. 9.

[4] Rec. Doc. 15.

[5] Rec. Doc. 11.

would file the redacted complaint under seal until it ruled on the pending motion.[6] On January 17, 2013, Plaintiffs filed an opposition to the pending motion to seal the redacted complaint.[7]

## II. Parties' Arguments

In support of the pending motion, Defendants claim that the redacted complaint "refer[s] to confidential and privileged information generated or produced in the [state court] [l]itigation and/or the Insurance Litigation that should not be used in any complaint, much less disclosed to the public."[8] Plaintiff argues that both the unredacted and redacted complaint improperly includes communications that are subject to attorney-client privilege and attorney work-product, and that therefore both complaints should remain under seal "until [Defendants] can pursue all appropriate remedies under both the protective order and the ethical rules to protect such communications permanently from disclosure."[9] Defendants request that this Court seal the redacted complaint pursuant to Local Rule 5.6.

In opposition to the pending motion, Plaintiffs claim that the request to file the redacted complaint under seal should be denied because Defendants "have failed to even try to meet their burden of showing that privileged or otherwise 'confidential' material was left unredacted."[10] Plaintiffs argue that under Local Rule 5.6, filing documents under seal is generally disfavored, and should only be done in unusual circumstances and with good cause.[11] Citing the Fifth Circuit in

---

[6] Rec. Doc. 20..

[7] Rec. Doc. 19.

[8] Rec. Doc. 11-1 at pp. 2-3.

[9] *Id.* at p. 3.

[10] Rec. Doc. 19 at p. 1.

[11] *Id.*

*United States v. Holy Land Foundation for Relief & Development*,[12] Plaintiffs argue that a district court must be careful to balance the strong presumption in favor of allowing trial proceedings to be subject to public scrutiny when considering filing a document under seal.

Plaintiffs concede that the state court protective order presents an "unusual circumstance," but contend that they "diligently and in good faith filed a redacted version of the their original complaint in this litigation, redacting only such material deemed 'confidential' by certain [defendants]."[13] As such, Plaintiffs argue that filing under seal the entire complaint would be in excess of what is necessary. Moreover, Plaintiffs cite Local Rule 5.6, which requires a party seeking to file a document under seal to support the proposed order with findings required by governing case law to support the filing under seal.[14] Plaintiffs claim that Defendants "don't even identify which specific allegations might violate a privilege or a designation of confidentiality," which the Fifth Circuit required in the case cited by Defendants.[15] Therefore, Plaintiffs aver that the Court is unable to make the requisite determination of what is or is not privileged or confidential.[16]

Moreover, Plaintiffs argue that a party invoking a privilege has the burden of demonstrating its applicability, especially considering the presumption that the public should have access to trial proceedings.[17] As such, Plaintiffs claim that the pending motion should be denied.

### III. Law and Analysis

---

[12]  624 F.3d 685 (5th Cir. 2010).

[13]  *Id.* at p. 2.

[14]  *Id.* at p. 3.

[15]  *Id.* (citing *In re Avantel, S.A.*, 343 F.3d 311 (5th Cir. 2003)).

[16]  *Id.*

[17]  *Id.* at p. 4.

District courts have supervisory authority over their records, and therefore a district court's decision to seal a document is reviewed for an abuse of discretion.[18] "A court may deny access to records if the records become a vehicle for improper purposes."[19] However, a district court must contemplate the decision of whether to seal a document in light of the strong presumption that trial proceedings should be subject to scrutiny by the public.[20] Therefore, a district court should rarely decide to seal documents and insulate proceedings from public scrutiny.[21] "[T]he court must balance the public's common law right of access against the interests favoring nondisclosure."[22] Public access to judicial records "'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'"[23]

While Plaintiffs argue that they attempted in good faith to carefully excise confidential matter, Defendants contend that the redacted complaint still includes communications that are subject to the attorney-client privilege and the attorney work-product protection.[24] However, Defendants have declined to identify the specific portions of the redacted complaint they find objectionable nor have Defendants argued in sufficient detail how disclosure of this information would negatively impact their interests. As Plaintiffs have pointed out, the burden to demonstrate

---

[18] *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

[19] *Holy Land*, 624 F.3d at 689 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597-98 (1978)).

[20] *Id.* at 690.

[21] *Van Waeyenberghe*, 990 F.2d at 848.

[22] *Id.*

[23] *Id.* (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 662 (3d Cir. 1988)).

[24] Rec. Doc. 11-1 at p. 3.

the applicability of these privileges lies on Defendants.[25] Therefore, this Court is unable either to confirm if confidential or privileged information actually remains in the redacted complaint or "balance the public's common law right of access against the interests favoring nondisclosure," as the Fifth Circuit has instructed a district court must do when contemplating whether to seal a document. Without this information, and heeding the strong presumption in favor of public disclosure of trial proceedings, the Court will deny the pending motion.

### IV. Conclusion

In an attempt to withhold from public disclosure any privileged information, Plaintiffs preemptively filed a redacted complaint. Defendants have failed to identify any remaining confidential material, which leaves this Court unable to assess what steps must be taken to protect the parities rights, if any, which must be weighed against the public's critical interest in having trial proceedings open and transparent. Accordingly;

**IT IS HEREBY ORDERED** that Defendants' Motion to Seal Complaint[26] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 25th day of January, 2013.

_Nannette Jolivette Brown_

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[25] *See Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 720 (5th Cir. 1985).

[26] Rec. Doc. 11.

5